IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANNY LYNN HUDSPETH, JR., #1481072,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-2156-G (BK) |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed in part as successive and in part as barred by the one-year statute of limitations.

**I. BACKGROUND**

On April 3, 2007, Petitioner pled guilty to two counts of burglary of a habitation and was placed on eight years deferred adjudication community supervision, also known as deferred adjudication probation. *State v. Hudspeth*, Nos. F06-89008 and F06-89009 (291st Jud. Dist. Court, Dallas County). On January 4, 2008, the trial court revoked the probation, adjudicated Petitioner guilty of the burglaries, and sentenced him to twenty-year terms of imprisonment. *Id.* On the same day, Petitioner pled guilty to two aggravated robberies with a deadly weapon and was sentenced to twenty-year terms of imprisonment. *State v. Hudspeth*, Nos. F07-54157 and

F07-54158, (291st Jud. Dist. Court, Dallas County). Petitioner did not appeal. (Doc. 2 at 3.)

Subsequently, on October 6, 2008, Petitioner filed state habeas applications, which the Texas Court of Criminal Appeals denied without written order on January 14, 2009. *Ex parte Hudspeth*, Nos. WR-71,171-01-171-04. Then, in January 2010, Petitioner sought federal habeas relief with respect to his aggravated robbery convictions, but this Court dismissed his petition with prejudice as barred by the one-year statute of limitations. *Hudspeth v. Thaler*, No. 3:10-CV-0020-B, 2010 WL 1172958 (N.D. Tex. Mar. 4, 2010), *accepting findings and recommendations*, 2010 WL 1172968 (N.D. Tex. Mar. 24, 2010), *certificate of appealability denied*, No. 10-10425 (5th Cir. Sep. 9, 2010). On July 23, 2010, Petitioner again sought state habeas relief, challenging each of his convictions. However, the Court of Criminal Appeals dismissed his state applications as successive. *Ex parte Hudspeth*, Nos. WR-71,171-05 through -08.[1]

On August 25, 2011, Petitioner filed this federal petition challenging the burglary and aggravated robbery convictions. In four grounds, he re-asserts the claims raised in the 2010 federal petition, namely that counsel rendered ineffective assistance and that his convictions were obtained by the use of evidence gained from an unconstitutional arrest, search and seizure, and coerced confessions. (Doc. 2 at 7-8.) The Court did not direct Respondent to file an answer or response. *See* Rule 4 of the Rules Governing Section 2254 Proceedings.[2]

---

[1] Docket sheets for Petitioner's state convictions and habeas applications are available on the Dallas County website and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on August 20, 2011, the earliest possible date on which Petitioner could have handed his petition to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

## II. ANALYSIS

**A.     Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instructs federal courts to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." *See* 28 U.S.C. § 2244(b)(1); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 506 (2010). In his first federal habeas petition, Petitioner raised the same claims with respect to his aggravated robbery convictions, that he raises in the current petition, and this Court dismissed them as time barred. *See Hudspeth*, 2010 WL 1172958, at *1-2. Therefore, this federal petition is successive as it relates to Petitioner's aggravated robbery convictions and it should be summarily dismissed under section 2244(b)(1). *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*) (declining to consider claims to the extent they were raised in first section 2254 application dismissed as time barred); *In re Brown*, 457 F.3d 392, 395 (5th Cir. 2006) (dismissing previously raised confrontation clause violation).[3]

**B.     Statute of Limitations**

With respect to Petitioner's burglary convictions, the federal petition is time barred and should also be dismissed. The AEDPA establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why

---

[3] Although the first section 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on successive petitions. *See In re Flowers*, 595 F.2d at 205.

the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order. (Doc. 7.)

The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," and from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(A) and (B). Subsections 2244(d)(1)(C)-(D) are inapplicable here.[4]

1. Judgment Became Final

On April 3, 2007, Petitioner pled guilty and the trial court placed him on an eight-year term of deferred adjudication community supervision. Because his federal claims relate to his initial guilty pleas and probation, the Court calculates the one-year statute of limitations from the date his deferred-adjudication order became final. *See* 28 U.S.C. § 2244(d)(1)(A). A state court order of deferred adjudication community supervision is a final judgment for purposes of triggering the federal habeas limitations period under section 2244(d)(1)(A). *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005); *see also Tharpe v. Thaler*, 628 F.3d 719, 722-25 (5th Cir. 2010) (reaffirming *Caldwell*'s holding and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2934 (2011). "Under Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open

---

[4] Petitioner does not base his grounds on any new constitutional right under subparagraph (C). Moreover, the Court determines that the facts supporting his grounds became or could have become known prior to the date on which his convictions became final.

court.'" *Id.* at 530 (quoting Tex. R. App. P. 26.2(a)(1)).

Here, the deferred-adjudication judgments became final on May 3, 2007, thirty days after Petitioner pled guilty to the burglary cases and the state court deferred adjudicating his guilt and placed him on an eight-year term of community supervision. The one-year period, thus, began to run on May 4, 2007, and expired one year later on May 3, 2008. Because Petitioner did not file his first state applications until October 6, 2008, – more than seven months after the one-year period expired – he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period). Therefore, the federal petition, deemed filed as of August 20, 2011, is clearly outside the one-year statute of limitations.

Even assuming Petitioner's federal claims were related to the January 2008 probation revocations, the federal petition would still be untimely. Petitioner did not appeal following the revocation of his community supervision, adjudication of guilt, and sentencing. His burglary convictions, thus, became final on February 3, 2008, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott*, 227 F.3d at 262. The one-year period began to run on February 4, 2008, the day after his convictions became final. As of October 6, 2008, the date on which Petitioner filed his first art. 11.07 applications, 245 days of the one-year limitations period had elapsed. The state applications remained pending until January 14, 2009, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998). The one year-period resumed running on January 15, 2009, and expired 120 days later on May 14, 2009. Therefore, the federal petition, deemed filed as of August 20, 2011, is clearly untimely absent equitable tolling.

  2. <u>State Created Impediment</u>

  In response to the Court's show cause order, Petitioner asserts for the first time "that the transfer facility[,] Middleton Unit and the Ware Unit [where] he was housed . . .[,] did not provide the Petitioner with ad[e]quate Federal Rules and Procedures as well as Federal citations. [sic] Depriving the Petitioner of the awareness of the one-year statu[t]e of limitation[s] governed by 28 U.S.C. 2244(d). *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)." (Doc. 7 at 1.) In light of Petitioner's *pro se* status and his reliance on *Egerton*, the Court liberally construes the above allegations as a claim of state-created impediment under 28 U.S.C. § 2244(d)(1)(B).

  To invoke section 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton*, 334 F.3d at 436. These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, a petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original) (holding prisoner failed to establish that he was prevented from timely filing habeas petition by transfer to facility with inadequate law library).

  In this case, as in *Krause*, the allegations in support of a state-created impediment due to lack of adequate legal materials are conclusory at best. Petitioner does not identify when he was confined at the Middleton and/or Ware Units or how he was denied adequate access to the

"Federal Rules [of Civil] . . . Procedure and Federal citations." (Doc. 7 at 1.) He does not allege, much less establish, a causal link between the alleged denial of access to the Federal Rules of Civil Procedure and his inability to file a timely federal petition. His pleadings are completely silent as to how the denial of access to the Federal Rules of Civil Procedure prevented him from filing a timely section 2254 petition. *See Krause*, 637 F.3d at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing habeas petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).

In addition, in his *first* federal habeas action, Petitioner acknowledged that due to his own ignorance of the law he did not understand the full implication of the one-year statute of limitations. *Huspeth v. Thaler*, No. 3:10-CV-0020-B, Petitioner's *Objections* to findings and recommendation (Doc. 10) at 1-2. Conspicuous by its absence was any allegation that Petitioner was denied access to the Federal Rules of Civil Procedure or prevented from learning of the existence of the one-year statute of limitations. *Id.* Accordingly, to the extent Petitioner seeks to claim a state-created impediment under section 2244(d)(1)(B), his request lacks merit and should be denied.

    3. Equitable Tolling

In light of Petitioner's *pro se* status, the Court liberally construes the arguments raised in his response to the Court's show cause order as a request for equitable tolling. *See Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010) (because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). With respect to his burglary convictions, Petitioner squandered the *entire* one-year period, clearly failing to act with due diligence. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). It is unsurprising that Petitioner took no action to raise the claims related to his underlying guilty plea prior to the revocation of his community supervision. By any standard, he had obtained a very favorable disposition of the burglary charges in avoiding a prison term despite the offenses charged. Nevertheless, his lack of due diligence did not end with the filing of his first state habeas applications. Petitioner waited over one-year following the denial of the first applications to submit his first federal petition and then the successive state applications. After the dismissal of the latter, he delayed almost eleven months before mailing the federal petition in this case.

Petitioner does not explain the lengthy delays in his case. (Doc. 7 at 1-3.) Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither

Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as successive with respect to Petitioner's aggravated robbery convictions, and as barred by the one-year statute of limitations with respect to his burglary convictions. *See* 28 U.S.C. §§ 2244(b)(1) and (d)(1).

SIGNED February 16, 2012.

[signature]

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE